**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   PAUL RUITENBERG, III,

                                           Chapter 7
                                           Case No. 10-48639-RTL

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

Sterns & Weinroth, P.C.
Andrea Dobin, Esq.
Attorneys for Trustee, Thomas Orr
(Paul Ruitenberg)

Forman Holt Eliades Ravin & Youngman, LLC
Erin Kennedy, Esq.
Attorneys for Trustee, Barbara A. Edwards
(Candace Ruitenberg)

**RAYMOND T. LYONS, U.S.B.J.**

## INTRODUCTION

      Paul Ruitenberg filed bankruptcy while a divorce action was pending in state court. No judgment of divorce or award of equitable distribution had been granted in state court. Nevertheless, his estranged wife, Candace, filed a claim in Paul's bankruptcy case for her anticipated equitable distribution award. The trustee in Paul's case objected to Candace's claim asserting that she did not have a prepetition right to payment since equitable distribution had not

1

been determined.

In light of the Third Circuit's overruling of *Frenville* in *Jeld–Wen, Inc. v. Van Brunt* (*In re Grossman's Inc.*), 607 F.3d 114 (3d Cir.2010), and the Third Circuit's holding in *In re Kane*, 628 F.3d 631 (3d Cir. 2010) that a pending affirmative claim for equitable distribution constitutes property of the estate of the claimant spouse, this court holds that the pending claim for equitable distribution against the husband's bankruptcy estate arose prepetition and must be allowed. The objection to Candace's claim by Paul's Trustee is overruled.

## JURISDICTION

This court has jurisdiction of this proceeding under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all cases and proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) concerning the allowance or disallowance of a claim against the estate.

## FINDINGS OF FACT AND PROCEDURAL HISTORY

Paul Ruitenberg, III ("Paul"), filed for relief under chapter 7 of the Bankruptcy Code on December 15, 2010. At the time Paul filed bankruptcy, he and his wife, Candace Ruitenberg ("Candace"), were parties to a divorce proceeding. No judgment of divorce has been entered and no award of equitable distribution had been made in the state court. Candace filed a claim in Paul's bankruptcy case on April 4, 2011, in the amount of $577,935, which she anticipated would be her equitable distribution award once a judgment of divorce was entered. On October 19, 2011, Candace filed her own petition under chapter 7 of the Bankruptcy Code. The trustee in

2

Paul's case ("Paul's Trustee") objects to Candace's claim on the basis that the claim for equitable distribution did not arise prepetition. The trustee for Candace's case ("Candace's Trustee") responded that Candace's claim should be allowed.

## **DISCUSSION**

Paul's Trustee argues that because equitable distribution does not become a right under New Jersey law until the judgment of divorce is entered, Candace does not have a "claim" as defined under the Code. A "claim" is defined as a:

> (A) *right* to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) *right* to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5) (2006) (emphasis added).

Bankruptcy courts have analyzed an estranged spouse's claim for equitable distribution in the debtor spouse's bankruptcy case in a variety of contexts. Some courts have recognized the contingent claim as a prepetition debt and have allowed it as a general unsecured claim. *See, e.g., Lawrence v. Lawrence* (*In re Lawrence*), 237 B.R. 61 (Bankr. D.N.J. 1999)*; see also Brundege v. Brundege* (*In re Brundege*), 359 B.R. 22 (Bankr. N.D.N.Y. 2007); *Polliard v. Polliard* (*In re Polliard*), 152 B.R. 51 (Bankr. W.D.Pa 1993). In *Schorr v. Schorr* (*In re Schorr*), 299 B.R. 97 (Bankr. W.D. Pa. 2003) the court found that a pending equitable distribution claim was a prepetition debt that was discharged. Others have held that the claim is not yet ripe and therefore

3

is not a prepetition claim subject to discharge.  *Scholl v. Scholl* (*In re Scholl*), 234 B.R. 636 (Bankr. E.D. Pa. 1999); *see also Nelson v. Miller* (*In re Miller*), 268 B.R. 826 (Bankr. N.D. Ind. 2001).

In *Lawrence*, 237 B.R. 61, a Chapter 11 debtor commenced an adversary proceeding against his estranged wife and she filed counterclaims for equitable distribution and other relief. Judge Stripp treated the claim as a general unsecured claim and quantified the non-debtor spouse's share of marital assets.  *Id.* at 82-83.

> The equitable interest of a nondebtor spouse arising under state law from such spouse's contribution to the acquisition of property titled in the debtor gives rise to a monetary claim if the property itself cannot be transferred to the nondebtor because bankruptcy has occurred. N.J.Stat.Ann. 2A:34–23 states that "where a judgment of divorce ... is entered the court may make such award or awards to the parties ... [as is appropriate] to effectuate an equitable distribution" of the property acquired during the marriage.   It is basic that monetary claims can be awarded in lieu of property distribution.  *Borodinsky v. Borodinsky,* 162 N.J.Super. 437, 393 A.2d 583 (App.Div.1978).    The nondebtor spouse's equitable interest in property titled in the debtor gives rise to a monetary claim against the bankruptcy estate.   11 U.S.C. § 101(5)(A); *In re Polliard,* 152 B.R. 51, 54 (Bankr.W.D.Pa.1993); *Perlow v. Perlow,* 128 B.R. 412, 415 (E.D.N.C.1991).
>
> This court's prior decision in *In re Becker, supra,* is not to the contrary.  *Becker* held that principles of equitable distribution are not applicable to determination of the estate's rights in jointly owned property; i.e., those principles cannot be used in a bankruptcy case to create legal title in a nondebtor spouse who didn't hold such title before bankruptcy, or to alter the percentages of ownership or other aspects of legal title as they existed at bankruptcy.  *Becker* did **not** hold that principles of equitable distribution do not apply in determining a nondebtor spouse's monetary claim against the bankruptcy estate.   The court now holds that such principles can determine such claims.

4

> This is not inequitable to other creditors who typically must accept less than full payment from a pro rata share of an estate because implicit in the concept of equitable distribution is that but for the contribution of the nondebtor spouse in the acquisition of the subject property, the other creditors would have no estate against which to assert claims. Moreover, the amount of an equitable distribution claim can take into account marital debts as well. *Monte v. Monte,* 212 N.J.Super. 557, 515 A.2d 1233 (App.Div.1986). Neither, of course, is it inequitable to the debtor.

*Id.* at 79-80 (modification and emphasis in original).

By comparison, in *Buglione v. Berlingeri* (*In re Berlingeri*), 246 B.R. 196, 200 (Bankr. D.N.J. 2000), Judge Winfield held that a spouse's equitable distribution claim was not discharged because it did not arise prepetition. *Berlingeri* relied on three factors: 1) the New Jersey law of equitable distribution; 2) application of the terms "debt" and "claim" as they are used in the Bankruptcy Code; and 3) consideration of *Avellino & Bienes v. M. Frenville Co.* (*In re M. Frenville Co.*), 744 F.2d 332 (3d Cir. 1984). *Berlingeri*, 246 B.R. at 199.

In *In re Howell*, 311 B.R. 173 (Bankr. D.N.J. 2004) this court followed *Berlingeri* and held that a spouse did not need relief from the automatic stay to prosecute a claim for equitable distribution because "where a bankruptcy filing preceded a judgment of divorce, the pending claim for equitable distribution is a post petition claim." Id. at 179. In footnote 7, this court wrote:

> The decision in *Lawrence* to treat the spouse's equitable distribution claim as a general unsecured creditor is inconsistent with *Berlingeri's* holding that such claims are post petition. Post petition claims are not discharged under § 727 of the Bankruptcy Code as *Berlingeri* held; neither are they allowable as claims to share in distribution of property of the estate under § 726. A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). Pursuant to § 502(b) of the Bankruptcy Code, the court shall determine the

5

>       amount of a claim as of the date of the filing of the petition.  Post petition claims are not allowable.  There are certain limited exceptions where specified claims may be filed "as if such claims were a claim against the debtor and had arisen before the date of the filing of the petition" under § 501(d); and, of course, administrative expenses that by nature arise post petition are allowed under § 503(b). Collier on Bankruptcy, ¶502.03 (15th ed. rev. 2004).

Id.

However, with the Third Circuit's recently adopted broad interpretation of "claim" in *Jeld–Wen, Inc. v. Van Brunt* (*In re Grossman's Inc.*), it is more appropriate to allow a pending equitable distribution claim as a prepetition debt.  607 F.3d 114 (3d Cir.2010).  In *Grossman's*, the question was whether a plaintiff's claims for asbestos-related injury and breach of warranty were discharged in the chapter 11 debtor's bankruptcy when the asbestos containing product was purchased in 1977, the debtor's case was commenced and a plan was subsequently confirmed in 1997, and the injury did not manifest itself until 2007.  *Id.* at 117-18.  *Grossman's* dealt with the "accrual test," which was used in the Third Circuit until that time to determine when a party's claim arose for bankruptcy purposes.  *Id.* at 119-120.  The *Grossman's* court explained that the "crucial issue" in *Frenville*, which established the accrual test, was when the "right to payment" arose under state law and *Frenville* was summarized as holding that "'the existence of a valid claim depends on: (1) whether the claimant possessed a right to payment; and (2) when that right arose' as determined by reference to the relevant non-bankruptcy law." *Grossman's*, 607 F.3d at 119.  Citing criticism of the accrual test, *Grossman's* explicitly overruled *Frenville*: "Accordingly, the *Frenville* accrual test should be and now is overruled."  *Id.* at 122.  After rejecting the accrual test, the *Grossman's* court held "a 'claim' arises when an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right

6

to payment' under the Bankruptcy Code."  *Id.* at 126.

Following *Grossman's*, the Third Circuit considered whether a pending affirmative claim for equitable distribution constituted property of a debtor's estate under § 541 of the Bankruptcy Code.  *In re Kane*, 628 F.3d 631 (3d Cir. 2010).   In *Kane*, a husband and wife filed for divorce in New Jersey and subsequently each filed separate bankruptcy petitions, the wife's petition came first.   She listed her husband as an unsecured creditor because of "possible obligations arising out of matrimonial proceeding."   Further, her Statement of Financial Affairs listed the divorce proceeding and indicated the status as "pending."   Although the wife did not schedule her claim for equitable distribution as an asset, the trustee in that case was satisfied with the disclosure.

The husband subsequently filed his own petition under Chapter 13 of the Bankruptcy Code and the wife filed a claim in his case based on her right to equitable distribution.   The husband argued that the wife lacked standing because her claim was an asset of her bankruptcy estate and that she was estopped to assert it because she had not disclosed it properly in her own bankruptcy case.

The Third Circuit in *Kane* determined that the wife should have listed the asset in her schedules because the equitable distribution claim was a "legal or equitable interest" within the meaning of § 541(a)(1).  In doing so, the court stated:

> . . . when Ms. Kane filed for bankruptcy, she had *an interest* in an equitable distribution of marital property—namely, by virtue of being married to Mr. Kane, and by virtue of having initiated a divorce action in which she was seeking equitable distribution—*but she did not have a right to it*.   Her claim qualified as a contingent, equitable interest in (marital) property that could not ripen into a vested property interest—i.e., a tangible asset—until entry of a judgment of divorce.

7

*Id.* at 641. (emphasis added)

The court later stated:

> [I]n concurrent bankruptcy and divorce cases, courts have described spouses' interests in marital property subject to equitable distribution as "inchoate" because these interests do not become property rights . . . until entry of a judgment of divorce. . . . New Jersey law also states that a "right" to equitable distribution only arises upon entry of a judgment of divorce.

*Id. at* 643 (internal citations omitted).

Paul's Trustee relies on these passages from *Kane* to argue that because § 101(5) does not mention "interests," but instead mentions only "rights," that Candace's equitable distribution claim is not a claim within the meaning of the Code and it should therefore be expunged. He asserts that her claim will be a postpetition claim.

There are several reasons why a non-debtor spouse's claim for equitable distribution should be allowed as a claim against the estate. First, it seems logical that if an affirmative claim for equitable distribution is an asset of the wife's estate under § 541 as held in *Kane*, then a parallel broad interpretation of § 101(5) leads to the conclusion that her claim for equitable distribution should be allowed against her husband's estate. The Third Circuit in *Kane* must have assumed that if an equitable distribution claim is an asset of one debtor spouse, it must be allowed as a claim against the other debtor spouse. After all, *Kane* arose because the husband objected to his estranged wife's claim in his bankruptcy case. If the Third Circuit, having cited *Berlingeri*, agreed with its holding, it would have ruled that the wife had no claim in the husband's case because it had not ripened into a right to payment.

8

Second, because of the question presented in *Kane*, that court's distinction between interests and claims was based on § 541; whether the wife should have included her interest to the equitable distribution in her own petition. The question was not whether she had a claim against the husband's estate, but rather whether she was estopped from asserting whatever claim she had. With this in mind, the language in *Kane* stating that Ms. Kane had an interest in equitable distribution, but not a right to it, should not be read as a limitation on § 101(5) as it was only focusing on § 541.

Third, using the language of *Kane* to argue that the claimant must have a current right only serves to revive the overruled accrual test. It would be illogical to have a "conduct test" for product liability suits and an "accrual test" for equitable distribution claims.

Fourth, focusing too heavily on the word "right," ignores *Grossman's* recognition of the House Report on the definition of claim, where the House stated:

> [b]y this broadest possible definition [of the term 'claim'] ... the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case ... [and] permits the broadest possible relief in the bankruptcy court.

*Grossman's*, 607 F.3d at 121 (citing H.R. Rep. No. 95-595, at 309 (1977)) (modification in original). It would also ignore *Grossman's* statement that "the widespread criticism of *Frenville's* accrual test is justified, as it imposes too narrow an interpretation of a 'claim' under the Bankruptcy Code." *Id.* at 121.

Fifth, many of the cases dealing with a pending equitable distribution claim do so in the context of dischargeability. *See, e.g.*, *Miller*, 268 B.R. 826; *see also Arleaux v. Arleaux*, 210 B.R.

9

148 (B.A.P. 8th Cir. 1997). Section 727(b) discharges debts that arose before the date of the petition. Some courts, such as *Berlingeri*, have held that a pending equitable distribution claim is not discharged because the claim does not arise until the judgment of divorce has been entered. If the claim were to arise prepetition, the non-debtor spouse's claim would be an unsecured claim that could be discharged along with the other debts. That concern was greatly limited by the statutory change in 2005 that makes equitable distribution claims nondischargeable in chapters 7, 11 and 12. 11 U.S.C. § 523(a)(15) (2006).[1]

The cases that hold that a pending equitable distribution claim is not a prepetition claim are suspect after *Grossman's*. As explained, the court in *Berlingeri* relied on three factors: 1) the New Jersey law of equitable distribution; 2) application of the terms "debt" and "claim" as they are used in the Bankruptcy Code; and 3) consideration of *Frenville*. Since the *Frenville* decision was overruled by *Grossman's*, the holding in *Berlingeri* has been undermined.[2] This court's holding in *Howell* that followed *Berlingeri* is likewise suspect. Judge Stripp's decision to allow the wife's claim for equitable distribution in *Lawrence* appears to be correct.

## CONCLUSION

Based on the foregoing, it appears clear that *Grossman's* holding of when a claim arises for

---

[1] Prior to 2005, these obligations, although presumptively nondischargeable, would be dischargeable if: (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.
11 U.S.C. § 523(a)(15) (2000).

[2] However, it is notable that the Third Circuit cited *Berlingeri* with approval in the *Kane* decision and failed to note that the holding in *Berlinge*ri was logically inconsistent with the holding in *Kane*.

the purposes of § 101(5) should govern the case at bar. The equitable distribution claim is allowed. The Trustee's objection to the claim is overruled.


Dated: May 4, 2012                     /s/ Raymond T. Lyons
                                                      United States Bankruptcy Judge